UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANIEL GREEN,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:14-cv-00450-MMD-VPC

ORDER

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 4), respondents' motion to dismiss (dkt. no. 13), petitioner's opposition (dkt. no. 28), and respondents' reply (dkt. no. 29). The Court grants the motion in part for the reasons stated below.

After a canvass pursuant to *Faretta v. California*, 422 U.S. 806, 807 (1975), petitioner represented himself in state-court criminal proceedings. Petitioner then pleaded no contest to ten (10) counts of possession of visual pornography of a person under 16 years of age and to one (1) count each of attempt to commit lewdness with a child under age 14, attempt to commit use of a minor as a subject in producing pornography, and unlawful obtaining and using personal identifying information of another person to harm a person or for unlawful purpose. Exh. 114 (dkt. no. 18). Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 150 (dkt. no. 20).

Petitioner then filed a post-conviction habeas corpus petition in state district court. Exh. 155 (dkt. no. 20). The state district court denied the petition. Exh. 186 (dkt.

no. 21). Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 210 (dkt. no. 22).

Respondents correctly argue that grounds 1 and 3 are barred. Ground 1 is a two-part claim of ineffective assistance of counsel. First, petitioner argues that appointed counsel, Paul Drakulich, would not file a motion to suppress. Second, petitioner argues that standby counsel, Chet Kafchinski, who was appointed after petitioner started representing himself, gave no advice and did not help petitioner prepare a defense. Ground 3 is a claim that petitioner was prevented from preparing his own defense after he started to represent himself.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

*Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Petitioner, by proceeding *pro se* in the criminal proceedings, did not have a right to counsel, did not have a right to standby counsel, and did not have a right to effective assistance of either. *Faretta*, 422 U.S. at 834-35 & n.46; *United States v. Sigouin*, 398 Fed. Appx. 208, 209 (9th Cir. 2010). Consequently, petitioner's no-contest plea has barred consideration of grounds 1 and 3.

Respondents correctly argue that ground 2 is conclusory. Unlike the bars on grounds 1 and 3, this is a defect that can be cured by amendment. The amendment likely would relate back to the original petition, thus avoiding any problem of timeliness under 28 U.S.C. § 2244(d)(1). However, the same issue was presented to the state district court and to the Nevada Supreme Court. Both of those courts issued reasoned decisions on the issue. *See* Exh. 186 at 4-5 (dkt. no. 21), Exh. 2-3 (dkt. no. 22). This Court's review of the Nevada Supreme Court's decision is limited to whether the decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

Furthermore, the Court's review is limited to the record before the Nevada Supreme Court at the time of the decision. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). If the Court granted the motion to dismiss with respect to ground 2, the Court would need to give petitioner leave to amend. The amendment would serve little use because the Court's review is limited to what happened in state court, not what petitioner alleges in this Court. The more efficient course is for respondents to answer ground 2 now.

The Court will not act upon respondents' other contentions, that part of ground 1 is unexhausted and that grounds 1 and 3 are conclusory. The Court's dismissal of grounds 1 and 3 as barred by petitioner's no-contest plea has made those other contentions moot.

Respondents have filed a motion for leave to file exhibit *in camera* and under seal (dkt. no. 23). The Court has reviewed the exhibits at issue. The Court agrees that the exhibits should be sealed because of the confidential and sensitive information in these exhibits.

After the motion to dismiss was briefed fully, petitioner filed additional grounds, arguments, and authorities (dkt. no. 30). Respondents have filed a motion to strike (dkt. no. 31), and petitioner has filed an opposition (dkt. no. 32). The additional grounds, arguments, and authorities (dkt. no. 30) expand upon the claims in grounds 1 and 3. The Court did not give petitioner leave to amend his petition. However, the Court agrees with respondents that even if the Court did grant leave to amend, amendment would be futile. Petitioner's no-contest plea has barred consideration of grounds 1 and 3. Expanding the allegations in those grounds would not change the Court's determination that the grounds were barred.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 13) is granted in part. Grounds 1 and 3 are dismissed from this action.

It is further ordered that respondent's motion for leave to file exhibit *in camera* and under seal (dkt. no. 23) is granted.

///

It is further ordered that respondents' motion to strike (dkt. no. 31) is granted. The Clerk of the Court shall strike petitioner's additional grounds, arguments, and authorities (dkt. no. 30) from the docket.

It is further ordered that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 22nd day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE