UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANIEL GREEN,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:14-cv-00450-MMD-VPC

ORDER

## I. SUMMARY

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) and respondents' answer (ECF No. 34). The Court finds that petitioner is not entitled to relief on the remaining ground, and the Court denies the petition.

## II. RELEVANT BACKGROUND

In the Third (later Tenth) Judicial District Court of the State of Nevada, petitioner was charged with one count of lewdness with a child under age 14, four counts of use of a minor as a subject in producing pornography, three counts of unlawful obtaining and using personal identifying information of another person to harm person or for unlawful purpose, and two hundred sixty-five counts of possession of child pornography. (Exh. 18 (ECF No. 14-20).)

Paul Drakulich was appointed to represent petitioner. The attorney-client relationship broke down. Petitioner wanted Drakulich to move to suppress the evidence based upon a defective search warrant, and Drakulich declined. Drakulich heard petitioner threaten to harm jail and police officers, and Drakulich reported those threats.

Petitioner also did not want any other attorney to represent him. (Exh. 65 (ECF No. 16-15).) After canvassing petitioner under *Faretta v. California*, 422 U.S. 806 (1975), the state district court allowed petitioner to represent himself. (Exh. 68 (ECF No. 16-18).) The state district court appointed Chet Kafchinski to act as standby counsel. The state district court later added Jacob Sommer as standby counsel.

Petitioner filed proper-person motions, including a motion to suppress based upon a defective search warrant. (*See* Exh. 97 (ECF No. 17-21).) The state district court scheduled a hearing on the suppression motion for June 4, 2009. (Exh. 102 (ECF No. 18-2). The hearing did not proceed because that same day petitioner accepted a no-contest plea agreement under *North Carolina v. Alford*, 400 U.S. 25 (1970). (Exh. 104 (ECF No. 18-4).) Under that agreement, petitioner was convicted of ten counts of possession of child pornography, one count of attempt to commit lewdness with a child under 14, one count of attempt to commit use of a minor as a subject in producing pornography, and one count of unlawful obtaining and using personal identifying information of another person to harm person or for unlawful purpose. (Exh. 114 (ECF No. 18-14).)

Petitioner appealed. The Nevada Supreme Court affirmed. It held that petitioner could not argue claims that arose prior to the entry of his plea. It also held that to the extent that petitioner was challenging the validity of his guilty plea, he needed to raise that claim first in the state district court. (Exh. 150 (ECF No. 20).)

Petitioner then filed a post-conviction habeas corpus petition in the state district court. That court appointed counsel and held an evidentiary hearing. The state district court denied the petition.

Petitioner appealed, and the Nevada Supreme Court affirmed. It held that petitioner's claim that he was deprived of effective self-representation was a pre-plea claim that was barred by his plea. It also held in the alternative that the claim was without merit. The Nevada Supreme Court held that petitioner's guilty plea was valid. Finally, the Nevada Supreme Court held that petitioner received effective assistance of standby counsel. (Exh. 210 (ECF No. 22-10).)

Petitioner then commenced this action. (ECF No. 1.)

## III. DISMISSAL OF GROUNDS 1 AND 2

The petition originally contained three grounds for relief. (ECF No. 4.) The Court dismissed grounds 1 and 3. (ECF No. 33.) Ground 1 contained a claim that Drakulich provided ineffective assistance because he would not file a motion to suppress. Petitioner's plea barred this claim. (*Id.* at 2.) Ground 1 also contained a claim that standby counsel provided ineffective assistance. Petitioner had no right to effective assistance of counsel, standby or otherwise, once he decided to represent himself. (*Id.*) Ground 3 was a claim that the state failed to provide petitioner the opportunity to prepare his own defense, based upon the allegations in ground 1. This ground was dismissed for the same reasons why ground 1 was dismissed. (*Id.* at 2-3.) Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability on these grounds.

## IV. DISCUSSION: GROUND 2

Ground 2, the remaining ground, is a claim that petitioner's plea was not knowing and voluntary. On this issue, the Nevada Supreme Court held:

> Next, Green claims that the district court erred by finding that his plea was knowingly, voluntarily, and intelligently entered. Green asserts that he felt compelled to enter the plea and his plea is invalid because he had no reasonable opportunity to prepare or conduct any effective defense.
>
> "A guilty plea is presumptively valid, and [a petitioner has] the burden of establishing that the plea was not entered knowingly and intelligently." *McConnell v. State*, 125 Nev. 243, 250, 212 P.3d 307, 312 (2009). The district court must look to the totality of the circumstances when reviewing the validity of a guilty plea. *Id.* We "presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion." *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986).
>
> The district court conducted an evidentiary hearing and found that the record belied Green's allegations regarding his plea. Green represented himself and actively participated in the plea negotiations. At the plea canvass, Green discussed the charges he was facing, the factual allegations, and the potential penalties associated with each charge. The court also found that Green was given adequate access to resources to help prepare his defense and that Green's failure to utilize those resources did not render his plea involuntary. We conclude that the district court's findings are supported by the record and Green failed to demonstrate that his plea was invalid. Therefore, we affirm the denial of this claim.

(Exh. 210, at 2-3 (ECF No. 22-10, at 3-4).) In another part of the Nevada Supreme Court's order, it discussed the resources provided to petitioner:

> The district court appointed two attorneys as standby counsel for Green to make sure that he had access to evidence and discovery to prepare his defense. Although one of the standby attorneys was directed not to provide any legal assistance to Green, the other was specifically directed to answer any legal questions Green might have and Green did not utilize this resource. And, although limited because of Green's incarceration while preparing for trial, Green was provided access to a law library and legal materials and was given adequate supplies, such as paper and pencils, necessary for preparing his defense. Finally, although the use of restraints may have frustrated Green and interfered with his ability to take notes when reviewing evidence and discovery with standby counsel, the use of the restraints was necessary due to Green's conduct and threats of violence and there is no indication that their use precluded Green from reviewing the materials or taking notes.

*(Id.* at 1-2 (ECF No. 22-10, at 2-3).)

The trial court's plea canvass was thorough. Petitioner asked questions throughout the hearing. (*See* Exh. 105 (ECF No. 18-5).) To the extent that petitioner is claiming that his plea was unknowing and involuntary because of what happened at the canvass, the Nevada Supreme Court reasonably concluded that the claim is without merit.

To the extent that petitioner is claiming that his plea was effectively coerced because he lacked resources and because standby counsel did nothing, the Nevada Supreme Court reasonably concluded that the claim lacked merit. Petitioner represented himself. Standby counsel was available to bring evidence and discovery to petitioner, and standby counsel could convey petitioner's requests to the court and to the prosecution, but standby counsel was under no obligation to help petitioner develop his defense to the charges. Petitioner has no right to effective assistance of standby counsel. *Faretta*, 422 U.S. at 834-35 & n.46.

Throughout the proceedings in the state courts and in this Court, petitioner has argued that a motion to suppress should have been filed. The Court dismissed the claim that Drakulich, petitioner's former counsel, provided ineffective assistance by not filing the motion because it was barred by petitioner's plea. (ECF No. 33 at 2.) Additionally, after petitioner started representing himself, he filed his own motion to suppress. (*See* Exh. 97

(ECF No. 17-21).) The state district court scheduled a hearing on the motion to suppress. (Exh. 102 (ECF No. 18-2).) On the day of the hearing, before it started, the prosecution presented petitioner with the no-contest plea agreement. Petitioner accepted that agreement. (Exh. 104 (ECF No. 18-4).) The plea necessarily waived the claims in the motion to suppress. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Petitioner cannot claim that his plea was coerced due to his Fourth Amendment claims not being considered, when petitioner's plea was the reason why his Fourth Amendment claims were not considered.

Reasonable jurists would not find the Court's decision to be debatable or wrong, and the Court will not issue a certificate of appealability for ground 2.

**V.  CONCLUSION**

It is therefore ordered that the petition for a writ of habeas corpus (ECF No. 4) is denied. The Clerk of the Court will enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is denied.

DATED THIS 30th day of May 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE